UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTICT OF PENNSYLVANIA

AROJET MANAGEMENT GROUP, LLC, and
STANLEY MITCHUM, an adult individual,

Case No.  2:23-cv-1377

Plaintiffs,

v.

VISION TOUCH CONTRACTING, LLC, and
CURTIS WINSTEAD, an adult individual,

Defendants.

## COMPLAINT IN CIVL ACTION

NOW COMES Plaintiffs, AROJET MANAGEMENT GROUP, LLC ("Arojet") and STANLEY MITCHUM ("Mitchum"), collectively known as ("Plaintiffs"), by and through their undersigned counsel, file the within Complaint in Civil Action against the Defendants, VISION TOUCH CONTRACTING, LLC ("VTC") and CURTIS WINSTEAD ("Winstead"), collectively known as ("Defendants") and in support thereof, aver as follows:

NATURE OF ACTION

1. This action is brought as a result of the material breach and non-performance of a construction contract. Plaintiffs have sustained foreseeable injuries as the direct and proximate cause from Defendants actions arising out of the contract entered into by the parties.

PARTIES

2. Arojet Management Group LLC is a Maryland limited liability company and has its principal place of business at 43 Randolph Rd. Suite 151 Colesville, Maryland 20904.

3. Plaintiff, Arojet is a citizen of Montgomery County in the State of Maryland and its Articles of Incorporation were filed in the State of Maryland. At all material times herein, Arojet was acting as a party to the construction contract with Defendants.

4. Plaintiff, Stanley Mitchum is an adult individual and a resident of Montgomery County, Maryland.

5. Mitchum is the owner of the residential property located at 5433 Broad Street Pittsburgh, Pennsylvania 15206 ("Property") which is the subject of the agreement surrounding the suit at issue.

6. Defendant, Vision Touch Contracting, LLC, is a Pennsylvania Limited Liability Company and has a business address of 60 D Connellsville Street, Uniontown, PA, Fayette County Pennsylvania 15401. VTC, at all times relevant hereto, was authorized and did enter a contract with Plaintiffs.

7. Defendant, Curtis Winstead is an adult individual with an address of 150 Lenox Street Uniontown, Fayette County, Pennsylvania 15401.

8. Upon information and belief, Winstead is the sole owner and operator of VTC.

9. At all times relevant hereto, Defendants held themselves out and marked themselves to the public as contractors specializing in home improvement, construction and renovations specialists. Moreover, Winstead held himself out to the public as one of the top General Contractors in Uniontown, Pennsylvania and the surrounding areas.

10. Defendants have transacted significant business throughout this District and the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

11. Personal Jurisdiction exists over Plaintiff as it avails itself of the jurisdiction of this court.

12. Personal Jurisdiction is proper over Defendants because Defendant VTC is a Pennsylvania company and has a regular place of business in the Western District of Pennsylvania. Additionally, Winstead is an adult individual conducting and residing in the Western District of Pennsylvania.

13. The events or omission which give rise to claims asserted herein occurred in the Western District of Pennsylvania in or around Pittsburgh, Pennsylvania. Therefore, pursuant to 28 U.S.C. 1391(b)(2), the District Court situated in Pittsburgh, Pennsylvania is the proper venue for this case.

14. Venue is also proper in this District under 28 §§ U.S.C. 1391 (c)(2), (c) (3) and (d) because the action arose and the transaction took place in the Western District of Pennsylvania.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a), (a)(1) as the good faith amount pled in the controversy exceeds $75,000.00 by Plaintiffs and diversity of citizenship is sufficient because the Plaintiffs are citizens of a different state than Defendants. Plaintiffs are citizens of Maryland and Defendants are citizens of Pennsylvania.

## STATEMENT OF FACTS

16. At all times relevant hereto, Mitchum was an authorized representative to enter into a residential home improvement contract on behalf of Arojet.

17. At all times relevant hereto, at the formation of the contract, Defendants knew or should have known that by failing to exercise a duty of good faith and failing to exercise reasonable care in the performance of their contractual obligations, it would create an increased risk of harm to Mitchum.

18. On or around June 2022, Arojet sought VTC to provide interior renovation services for the Property.

19. Arojet through its duly authorized agent, Mitchum, had an initial meeting with Winstead to ensure that Defendants were ready able and willing to complete services on behalf of Plaintiffs. Winstead assured Arojet that Defendants could perform all the necessary renovations within the amount of time that Plaintiffs had requested.

20. The meeting included assurances pertaining to the scope of work, the project start date and when the project would ultimately be completed.

21. On or about the 30th Day of June, 2022, Winstead sent a written offer for construction services to Arojet which included warranties made by the Defendants and induced Arojet to enter into a written contract based on those warranties.

22. Winstead initially demanded a 50% initial payment from Arojet to begin performance.

23. On or about July 18, 2022, Arojet and Defendants negotiated the final terms of their agreement which was reduced to a signed writing and constituted the final written contract (hereinafter "Contract"). Attached hereto as Exhibit A is a true and correct copy of the Contract.

24. At all times relevant, VTC was responsible for the methods of the renovation services including the materials, tools and permits necessary to complete performance as agree to and contained within the Contract.

## TERMS OF THE CONTRACT

25. Pursuant to the Contract, Defendants were to begin performance on July 21, 2022.

26. Full performance of the Defendants' contractual duties was to be completed by October 5, 2022 and were further assured through Winstead's oral affirmations.

27. The Contract price for the work to be performed was $82,144.17 for renovation work on the Property.

28. Contained within the Contract, required a payment draw schedule whereby fifty percent (50%) was due at the signing, which constituted $41, 072.09. Additionally, once 75% of the scope of work was completed another $20,536.04 was to be due. Lastly, once performance of the contract by the Defendant was 87.5% completed including a final walkthrough, another payment of $20,536.04 was due.

29. Included within the Contract were Contractor license numbers GC-148971 and PA -6885997 which did not belong to neither Defendants as a contractor under the Commonwealth of Pennsylvania.

30. As to the date of this Complaint, VTC has not performed additional work nor has returned any of the advanced payments given to Defendants by Plaintiffs.

## COUNT I: BREACH OF CONTRACT

31. Plaintiffs incorporate the above paragraphs as if full set forth within.

32. Defendants and Arojet entered into a valid and enforceable Contract which included an implied duty to act in good faith.

33. The Contract contained essential terms which included the work to be performed, the price of the contract and the parties involved. Additionally, the Contract provided the date in which Defendants were to have renovations completed.

34. Defendants failed to adhere to the agreed upon terms of the Contract by not completing the work on the Property and not conducting themselves in a workman like manner.

35. On or around September 16th, 2022, after Plaintiff, arrived on the Property and noticed that there had not been any work performed by Defendants. As such, Mitchum demanded assurances from Winstead and VTC that the Defendants were going to perform pursuant to the terms of the Contract.

36. Plaintiffs on numerous occasions and throughout the month of September of 2022, requested pictures and/or proof of renovations that Defendants stated had already been performed. Defendants failed to provide any proof that they had began work on the Property.

37. Once Defendants could not give Plaintiffs adequate assurances as requested, the Plaintiffs communicated to Defendants to suspend any further performance on the Property because no work had been performed on the Property.

38. Mitchum subsequently, changed the locks of the Property for security purposes and for the purposes arising out of not receiving any adequate assurances from Defendants.

39. On or about September 21st, 2022, Defendants disregarded Plaintiffs' wish to suspend performance and Defendants intentionally entered into the Property by breaking a lock began doing demolition work.

40. When Plaintiffs became aware of the break in, Mitchum contacted Winstead to confront him about breaking in and asked Winstead to return Plaintiffs' advanced payment because there had not been any work performed.

41.  Subsequently, Plaintiffs enter onto the Property, where Defendants had left trash and other materials considered waste throughout Mitchum's yard.

42.  Defendants' actions constituted a total breach because performing renovations was a material term contained within the Contract.

43.  VTC failed to perform its obligations pursuant to the contract when it substantially deviated from the scope of work that it was hired to perform.

44.  VTC failed to complete its duties under the Contract by October, 2022.

45.  VTC is in material breach of its agreement by not completing any of the work that it agreed to perform pursuant to the Contract.

46.  VTC's breaches directly and proximately caused damages including but not limited to:

   a. Loss of the Forty-One Thousand Seventy-Two Dollars and Nine Cents paid to ($41, 072.09) VTC for work that was not performed.

   b. The costs to replace and/or repair property that Defendants destroyed.

   c. Diminution of the value of the Property.

   d. Other damages that may become evident through discovery.

WHEREFORE, Plaintiffs, AROJET MANAGEMENT GROUP, LLC and STANLEY MITCHUM demand judgment in their favor and against Defendants, CURTIS WINSTEAD and VISION TOUCH CONTRACTING, LLC, joint and severally, in an amount excess of $75,000.00, including interest and costs of suit and any other relief that this Honorable Court deems appropriate.

## COUNT II- VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ("UTPCPL")

73 Pa. Stat. Ann. § 201-9.2

*Plaintiffs v. Defendants*

47. Plaintiffs incorporates the preceding paragraphs as though fully set forth herein.

48. The UTPCPL allows a private action for a Plaintiff who suffers an ascertainable loss of money or property as a result of an unlawful act or practice.  § 73 P.S. 201-9.2(a).

49. Plaintiffs are considered persons under §73 P.S. 201-2(2).

50. Defendants are defined pursuant to the UTPCPL as persons.  §73 P.S. 201-2(2).

51. Arojet signed the contract and relied upon Defendants' assertions that they would comply with the contractual terms that were reduced to writing.

52. VTC represented that its services would be performed in a timely manner.

53. VTC represented that it would perform renovations in accordance with the specification within the Contract.

54. Arojet refrained from pursuing other contractors shortly after VTC explained the benefits of using its services for renovations instead of other contractors in the area.

55. VTC represented that it would perform interior renovations identified by Plaintiffs.

56. VTC represented that it would provide its services within a reasonable time but failed to complete the work it asserted it had already completed.

57. VTC intentionally mispresented that it would perform interior renovations after it received Plaintiffs' advanced payment and never did the work it promised to do.

58. VTC knowingly and intentionally lied about making certain renovations and acquiring specific permits when in fact, it had not.

59. VTC failed to comply with the terms and warranties given to a buyer pursuant to Section 2-201(4)(xiv) of the UTPCPL.   Additionally, VTC engaged in deceptive conduct creating a likelihood of confusion under the UTPCPL.

60. Breaking into the Property constituted a wrongful act in which Plaintiffs suffered damage.

61. Plaintiffs suffered both money loss and damage as a direct result of VTC's actions.

WHEREFORE, Plaintiffs, AROJET MANAGEMENT, LLC and STANLEY MITCHUM, demand judgment in their favor against Defendants, VISION TOUCH CONTRACTING, LLC and CURTIS WINSTEAD, in an amount excess of $75,000.00 including treble damages, interest, costs of suit, attorney fees and any other relief this Honorable Courts deems appropriate.

### **COUNT III: VIOLATION OF HOME IMPROVEMENT CONSUMER PROTECTION ACT("HICPA")**

73 P.S. 517.8(a)(1)

*Plaintiffs v. Defendants*

62. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

63. Defendants are a "Contractor" as defined by the Pennsylvania Home Improvement Consumer Protection Act ("Act"), 73 P.S. §517.1.

64. The Contract is a Home improvement contract as defined under 73 P.S. §517.2

65. The Contract was signed in writing by the Plaintiff's agent and Defendants.

66. Plaintiff, Mitchum qualifies as an "Owner" as defined by Section § 517.1 of the Act.

67. Both Defendants and Plaintiffs manifested an intent to be bound by the terms of the Contract.

68. Plaintiffs paid consideration soon after entering into the contract.

69. Defendants received an advance payment to perform home improvement renovations performing and failed to perform.

70. The statements and actions made by the Defendants were misleading and deceptive.

71. Defendants demand of the initial payment was in violation of 517.9(10)(i) of the Act.

72. Defendants' actions constitute home improvement fraud under Section 517.8 of the Act because Defendants received a 50% advance payment for home improvement serves and failed to perform said services. Additionally, Defendants failed to refund the advance payment by Plaintiffs.

73. Plaintiffs suffered damages as the actual and proximate cause of Defendant's misrepresentations.

74. The address on file for VTC with the Bureau of Consumer Protection as identified in the Office of Attorney General differentiates from the address indicated within the Contract.

75. The address on file for VTC with the Bureau of Consumer Protection as identified with the Office of the Attorney General is different from the address registered with the Pennsylvania Secretary of State.

76. Defendants have violated Section 517.4 of the Act because they failed to provide an accurate business address for VTC on its registration and failed to report a change of registration within 30 days.

77. Defendants are in violation of the Act.

WHEREFORE, Plaintiffs STANLEY MITCHUM and AROJET MANAGEMENT GROUP, LLC, demands judgment in their favor against Defendants, VISION TOUCH CONTRACTING, LLC, and CURTIS WINSTEAD in an amount in excess of $75,000, including treble damages, costs of litigation, interest, attorney fees and any other relief this Honorable Courts deems appropriate.

### COUNT IV: BREACH OF WARRANTY (EXPRESS AND IMPLIED)

*Plaintiffs v. Defendants*

78. Plaintiffs incorporates the preceding paragraphs as though fully set forth herein.

79. VTC warranted its materials and workmanship that the Property would be constructed in a workmanlike manner.

80. VTC's express warranties included building improvements related to:

   a. Building and construction materials;

   b. Machinery needed for the completion of construction;

   c. Electrical Services;

   d. HVAC;

   e. Windows and doors;

   f. Kitchen cabinets;

   g. Structural work;

   h. Flooring;

      i. Plumbing.

81. VTC expressly warranted that the renovations performed at the Property would be in accordance with its specifications and in accordance with industry standards.

82. VTC breached the express warranties by not performing its duties in a work like manner and performing little to no work.

83. VTC breached the implied warranty of good workmanship by leaving the Property in a worse condition than the Property was before VTC began renovation services.

84. VTC's breaches were the direct and proximate cause of damages including but not limited to:

    a. Fees and costs to clean up the trash left throughout the Property by VTC

    b. Diminution of the value of the Property;

    c. Damage caused when VTC broke into the Property; and

    d. Any other damages flowing from VTC's breaches.

WHEREFORE, Plaintiffs AROJET MANAGEMENT GROUP, LLC and STANLEY MITCHUM demands judgment in their favor against Defendants VISION TOUCH CONTRACTING, LLC, and CURTIS WINSTEAD including interest and costs of litigation and any other relief that this Honorable Court deems appropriate.

## COUNT V- NEGLIGENT MISPRESENTATION

85. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

86. Defendants misrepresented the quality of their intention to make interior renovations and the quality of their work.

87. Plaintiffs relied upon Defendants' representations when making the decision to hire a contractor.

88. Defendants knew or should have known that the contractor license numbers included in the Contract were not valid.

89. As a direct and proximate result of Defendants' misconduct, Plaintiffs have sustained and continue to sustain damages as the actual and proximate cause of Defendants' actions.

## COUNT VI- ALTER EGO, PIERCE CORPORATE VEIL

90. Plaintiffs incorporates Paragraphs as thought fully set forth herein.

91. Upon information and belief, at all times relevant hereto, Curtis Winstead was the sole and majority member of VTC.

92. Plaintiffs in good faith believe that they will establish at trial that:

    a. Winstead served as the alter ego for VTC;

    b. Winstead's business and the business of VTC were conducted interchangeably

    c. VTC's existence was not separable from the conduct of Winstead and thus should be estopped from the use of the corporate existence to avoid liability from his conduct.

    d. Winstead exercised his control over VTC to further his personal interest even using expired or invalid contractor numbers on the Contract.

93. The corporate veil of Defendant, VTC should be pierced to prevent injustice and fraud from Defendant Winstead's actions.

94. Plaintiffs have suffered damages as the proximate cause as set forth in Counts 1 through VI, above.

WHEREFORE, Plaintiffs AROJET MANAGEMENT and STANLEY MITCHUM respectfully request judgment in its favor and against Defendants, CURTIS WINSTEAD and VISION TOUCH CONTRACTING, LLC jointly and severely for and amount exceeding $75,000.00 together with interest, punitive damages, costs of litigation, attorneys' fees and any other relief that this Honorable Court deems proper.

**LAW OFFICES OF WALTER A. BERNARD, PLLC**

BY:*/s/ Walter A. Bernard, Esq.*
Walter A. Bernard, Esq.
Supreme Court I.D. No 321994

100 S Commons Suite 102
Pittsburgh, PA 15212
*Counsel for Plaintiff*